**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **NICOLE BARBER,** | \* |
| Plaintiff, | \* |
| v. | \*   Case No.: PWG-15-1309 |
| **DEPARTMENT OF THE NAVY,** *et al.*, | \* |
| Defendants. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff Nicole Barber (who is represented by counsel), individually and as mother of minor M.B., filed suit against the Department of the Navy ("Navy") and the Walter Reed National Military Medical Center ("Walter Reed") on May 7, 2015, alleging that unnamed healthcare providers negligently inserted a needle into the newborn minor's foot at Walter Reed, causing injury. ECF No. 1. She caused summonses to be issued to Defendants, ECF No. 5, and she served Walter Reed on June 19, 2015, ECF No. 8. She also erroneously served the Maryland Attorney General, who informed her that this service was improper. ECF No. 6. She has not filed an affidavit of service for the Navy. Nor has she requested or shown proof of service of a summons on the United States Attorney for the District of Maryland or the United States Attorney General.

Defense counsel submitted a pre-motion conference request on July 20, 2015, seeking to file a motion to dismiss based on improper service and statute of limitations. ECF No. 12. I held a conference call on August 4, 2015, noted the service deficiencies and likelihood of a statute of limitations defense, permitted the Government to file its motion, and informed Plaintiff that, if

she found the grounds for dismissal that the Government raised to be valid, she could voluntarily dismiss the case as Rule 11 would require. ECF No. 14. Thereafter, Defendant moved to dismiss. ECF No. 17. Plaintiff did not file either a response or a notice of voluntary dismissal. Nor did she make any effort to effect proper service. A hearing is not necessary. *See* Loc. R. 105.6.

In Defendants' Memorandum of Law in Support of their Motion to Dismiss, ECF No. 17-1, they set forth the facts of this case, as well as the legal authority supporting their argument that they were not properly served and that the Complaint was untimely. Mem. 2–5. Although Plaintiff has not opposed the Motion to Dismiss, the "court nevertheless has an obligation to review the motion[ ] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n. 3 (4th Cir.2014).[1] I have done so, and I find Defendants' Statement of Facts and legal analysis regarding service and timeliness is correct.[2] I adopt their Statement of

---

[1] In doing so, I may take notice of the documents Defendants attach to their Motion, which include Plaintiff's administrative claim, its denial, and proof of Plaintiff's counsel's receipt of the denial, as they are integral to Plaintiff's Complaint and Plaintiff does not challenge their authenticity. *See* Compl. ¶ 4 (Plaintiff[] having filed a Form 95, which was denied . . ."); *Pasternak & Fidis, P.C. v. Recall Total Info. Mgmt., Inc.*, 95 F. Supp. 3d 886, 894 (D. Md. 2015) ("The Court may consider any document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." (citations and quotation marks omitted); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (same).

[2] Defendants also correctly assert that "the United States would be the only proper party in an FTCA case." Defs.' Mem. 6; *see* 28 U.S.C. § 2679(a); *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). I will not dismiss on this basis because, were this case otherwise properly before me, substitution of the United States as the defendant, rather than dismissal the action, could be appropriate. *See* 28 U.S.C. § 2679(d)(1); *Moyo v. United States*, No. ELH-12-1857, 2013 WL 2552282, at *1 (D. Md. June 6, 2013) (noting that in previous order, court granted Government's motion and "substituted the United States as the sole defendant" in lieu of the named agency); *Conyers v. Dep't of Army*, No. 06-231 JFM, 2007 WL 141962, at *1 n.2 (D. Md. Jan. 12, 2007), *aff'd*, 250 F. App'x 537 (4th Cir. 2007) (granting United States's "motion to substitute itself for the Department of the Army pursuant to the Federal Tort Claims Act").

Facts and the pertinent arguments here by reference.[3]  Because Plaintiff failed to effect proper service or file a timely Complaint, I will dismiss this case for the reasons stated in Defendants' Memorandum.

    Accordingly, it is, this 25th day of May, 2016, hereby ORDERED that

1. Defendant's Motion to Dismiss, ECF No. 17, IS GRANTED;

2. The Complaint IS DISMISSED; and

3. Clerk SHALL CLOSE THIS CASE.

                                                  /S/
                                      Paul W. Grimm
                                      United States District Judge

lyb

---

[3] I note that, although Defendants state that Plaintiff filed an affidavit of service on the Navy, Mem. 4, no such affidavit appears on the docket. I also note that Plaintiff's counsel received the denial letter on August 30, 201**4**, *see* Mem. Ex. C, not August 30, 201**5**.